# DECISIONS

OF THE

# COURT OF APPEALS OF KENTUCKY.

## JANUARY TERM, 1883.

CASE 1—EQUITY—JANUARY 16, 1883.

## Thweatt, &c., v. Bank of Hopkinsville.

APPEAL FROM TODD CIRCUIT COURT.

1. A banking corporation being the creature of the statute, has only the power conferred by its charter.
2. It has never been held by this court that the implied power to buy and sell real estate exists in favor of banks, except for the purpose of obtaining buildings in which to transact their legitimate business.
3. There is nothing in this case to show that the purchase of the real estate by appellee was made in pursuance of an express power conferred by its charter, and not being necessary for the transaction of their business of banking, the sale to appellee by the Bank of Kentucky is void.
4. An act of the general assembly, passed during the pendency of litigation, to have a retroactive effect in favor of one of the litigants, is an invasion by one department of the state government of another, and is unconstitutional.

JAMES H. BOWDEN FOR APPELLANT.
   No brief.

H. G. PETREE FOR APPELLEE.
   No brief.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

   Thomas Thweatt, having died in 1839, a tract of 398 acres of land, on which he resided, in Todd county, descended to his widow, Mary A. Thweatt, and heirs-at-law; and though

no proceedings were had for the allotment of dower, the widow retained possession of her land until her death in January, 1872.

In 1863 a judgment was rendered in the Todd circuit court in favor of Lotspech & Co. for a debt due by appellants, W. N. Thweatt and P. F. Thweatt, two of the heirs, and for a sale of their undivided interest in the land to satisfy it; and at the sale, made in pursuance of the judgment, the Bank of Kentucky became the purchaser of their interest, and received a deed therefor, duly executed by the commissioner of court.

In 1869 the Bank of Kentucky conveyed the interest so purchased by it to appellee, the Bank of Hopkinsville, and in 1872, after the death of the widow, appellee and some of the heirs filed their joint petition in the Todd county court, seeking a division of the land, and in pursuance of a judgment of that court a division was made, three of the lots, aggregating 103½ acres, being allotted to appellee, and a deed of partition made therefor.

This action was brought February 11th, 1879, by appellee to quiet its title to and enjoin appellant from interfering with its possession and enjoyment of the three lots so conveyed to it. And on the 22d of April, 1880, the court below rendered judgment that appellee is the owner, and entitled to the quiet possession and enjoyment of the land, and perpetually enjoining appellant from taking possession of or interfering therewith. A certain amount of money, being rents from the land, attempted to be appropriated by appellant, was likewise adjudged to appellee.

A reversal of that judgment is asked upon three grounds:

1. Because appellee, being a banking corporation, has no power to hold the title to the land.

Thweatt, &c., v. Bank of Hopkinsville.

2. That the conveyance by the Bank of Kentucky in 1869 was champertous and void.

3. That appellee's right of recovery is barred by limitation.

The last two grounds will be considered first, and together.

In July, 1844, Mary A. Thweatt, the widow, by deed, released and relinquished unto the heirs of her husband, being her own children, including appellant, all her right, title, and interest in certain lands in the State of Virginia, of which he died seized, containing upwards of seventeen hundred acres, the consideration therefor, as expressed in the deed, being her natural love and affection, and their relinquishment to her of all their right, title, and interest in the tract of 398 acres in Todd county.

Though that deed appears to have been duly recorded in the county in Virginia where the lands conveyed are situated, the heirs never conveyed to their mother the land in Todd county that constituted part of the consideration of her conveyance to them, nor is there direct evidence that they accepted the latter deed; though it is in evidence that she held possession of the 398 acres, claiming the land as her own from the date of that deed, and her claim was known to and recognized by them.

But to the actions brought by Lotspech & Co. in 1863 she was made a party defendant, and being summoned, appeared and filed her answer to the petition of the plaintiffs.

The object of that action was to subject to the satisfaction of the plaintiff's debt the interests of appellee and P. F. Thweatt in the 398 acres of land alleged in the petition to be an undivided two ninths, subject to the widow's dower right. In her answer the widow, as is now admitted, expressly denied that appellee or P. F. Thweatt had any

interest in the land, and alleged and claimed that she was the owner, by purchase, of the entire tract, including the two ninths.

It thus appears that an issue was made and tried between her and the plaintiffs in that action, and upon the trial decided adversely to her claim of ownership of the fee in the land, and, as before stated, the two undivided ninths were sold subject to her dower right, which only was recognized in that judgment to belong to her.

The undivided two ninths of the land subject to her dower right having thus, in an action to which she was a party and in which her claim was litigated, been sold under a judgment of court and purchased by the Bank of Kentucky, she was bound by that judgment, and the issue then made must be now considered as adjudicated and determined against her and those claiming under her.

Another effect of that judgment was to stop the running of the statute of limitation as respects her claim to the fee in the land, and to convert her alleged adversary holding into a tenancy for life, at least as against the Bank of Kentucky. For while she was not entitled to dower in the whole tract of land, she was entitled to have one third thereof allotted to her, and to the possession until the assignment of dower; so that she cannot be regarded as having, subsequent to that judgment, an adverse possession of the two ninths sold under the judgment capable of ripening into a complete title, or of rendering the sale by the Bank of Kentucky to the Bank of Hopkinsville in 1869 champertous.

Independent of, and previous to the proceeding in the county court in 1872 for the division of the land, to which appellant was made a party and summoned to answer, he was, by the sale under the judgment of 1863, divested of

whatever right or title he may have had as heir-at-law of his father; and as his mother was at the same time adjudged to hold only a dower right in the land, he took nothing at her death or as her heir-at-law.

It follows, therefore, that whatever right appellant may now have in the land is merely possessory, and as his possession has been acquired since the death of his mother in 1872, even if he has held continuously and adversely ever since, the statutes of limitation have not run long enough in his favor to avail him in this action.

But as to the third ground relied on, there is more difficulty.

It being conceded that the purchase by the Bank of Kentucky was valid, the inquiry will be confined to the power of appellee to acquire and hold the land in contest.·

"A corporation being the mere creature of law, possesses only the powers which its charter confers, either expressly or as incidental to its existence or legitimate action." (Maddox, &c., v. Graham, &c., 2 Met., 721.)

The unrestricted power to buy and sell real property being inconsistent with the nature and purposes of banking institutions, the legislature has not in any instance conferred it upon such corporations, nor has this court ever held that the implied power to do so exists, except to the extent and for the purpose of obtaining buildings in which to transact their business, and of "securing or collecting debts due them in their prescribed sphere of business." (Lathrop v. Commercial Bank of Scioto, 8 Dana, 119.)

There is nothing in this record to show that the purchase in this instance by appellee was made in pursuance of either an express power conferred by its charter or of any implied

power possessed by it, or for any purpose within its prescribed sphere of business.

In our opinion, therefore, appellee did not, at the time of the purchase, possess the power to acquire or hold the land, and the sale to it by the Bank of Kentucky was void, and conferred no title.

But after this action was commenced, and before the judgment appealed from was rendered, to-wit, February 16, 1880, an act of the general assembly for the benefit of the Bank of Hopkinsville was passed, which is as follows:

"WHEREAS, The Bank of Kentucky did business for a period of several years through a branch located in the town of Hopkinsville, and said bank, while so doing business through the said branch, acquired title to real estate necessary for the transaction of its business, and also acquired and held the legal title to various other parcels of real estate, situated in different counties of the State, which were taken by it as security for debts, or in satisfaction of debts and judgments due to it; and whereas, about the year 1869 the said Bank of Kentucky, desiring to close up the business of said branch, sold its assets and property pertaining to said branch to the Bank of Hopkinsville, and conveyed to the said Bank of Hopkinsville the several parcels of land so acquired and held by it as aforesaid; therefore,

"*Be it enacted by the General Assembly of the Commonwealth of Kentucky*, That all conveyances made by the president, directors, and company of the Bank of Kentucky to the Bank of Hopkinsville, which have been properly acknowledged and recorded, shall be taken and held as valid, and shall be as good and effectual to pass the legal title to the estate so conveyed as if said estate had been

acquired as surety for or in payment of debts or judgments due to the Bank of Hopkinsville," &c.

Counsel for appellant contends that it is necessary to the validity of the statute that it should be made to appear that the Bank of Kentucky procured or consented to its enactment.

We do not so consider it.   It is true that the deed from the Bank of Kentucky being void, the legal title to the land is in the latter bank.   But it is so, not because any part of the contract remains unperformed, or the deed was not duly executed, delivered, and recorded, but simply because appellee did not possess the power, under its charter, to hold the title to the land it fully paid for, and the Bank of Kentucky in good faith attempted to convey.   It is true that, before the Bank of Kentucky can be divested of the legal title, it must be made a party to the action that may be brought for that purpose.

But it does not follow necessarily that the Bank of Kentucky could, since the enactment of the validating statute, successfully resist a recovery by appellee.   On the contrary, though that statute does not relate back to the date of the deed, and by its own operation divest the Bank of Kentucky of the legal title, it does place appellee in a position to recover from it the title by judicial proceedings, unless some obstacle exists not now apparent in the record.   For "laws curing defects which would otherwise operate to frustrate what must be presumed to be the desire of the party affected cannot be considered as taking away vested rights. Courts do not regard rights as vested contrary to the justice and equity of the case."   (State v. Newark, 25 N. J., 197.)

As to appellant, the record shows him to be a mere intruder, without any other claim to the land than such as

the naked possession gives him. And the statute, though retrospective, is conformable to justice, does not impair the obligation of any contract made by him, or affect his substantial equities or vested rights. For no defense he has presented here would have been available against the Bank of Kentucky previous to the enactment of the statute, or even against appellee if it had been passed previous to the commencement of this action.

But it has been held by this court that the legislature has no power, when a controversy is pending before a judicial tribunal between persons concerning their legal rights already defined and fixed by existing laws, to interfere, and by retroactive legislation for the benefit of one of the litigants, put an end to the contest and destroy or impair the rights of the other.

"The judicial being a co-ordinate and independent department of the state government, cannot consent that either one of the other departments shall interfere with it in the exercise of its exclusive right to determine the law of existing cases." (Gaines vs. Gaines, 9 B. M., 295; Allison, &c., vs. Louisville, Harrod's Creek and Westport Railway Co., 9 Bush, 248.)

It is true appellant has neither the legal or equitable title to the land. But he did, when the action was commenced, as is evident from the allegations of the petition filed by appellee, have possession, claiming it as his own; and as the record stood previous to the passage of the statute, he could have successfully resisted the recovery by appellee of either the land or rents arising therefrom. The effect of the statute, if it be treated as valid, is to cause a different decision of the action from the one the court before which it was

pending would have been required, by laws existing when it was commenced, to render.

And to the extent that the statute affects this action, pending at the time it was enacted, it is invalid, because it is an exercise by the legislature of judicial power, and an invasion by one department of the state government of the province of another distinct and independent department.

For the reasons indicated, the judgment of the court below must be reversed, and the cause remanded with directions to dismiss the petition of appellee without prejudice.

To a petition for rehearing—

JUDGE LEWIS DELIVERED THE FOLLOWING RESPONSE:

Though it may not be true that appellant had the actual possession of the entire tract of land at the time appellee commenced his action, it is alleged in the petition that he held possession of a portion of it by his tenant, whose obligation to pay him rent therefor he then held; and the prayer of the petition was for an injunction restraining him from collecting, and the tenants, who were made parties, from paying to him the rents. Judgment was also asked quieting appellee in its title and possession.

But it does not make any difference what was the character or extent of possession by appellant when the action was commenced. For, as held in the opinion, appellee being a banking corporation, did not, at the date of the deed from the Bank of Kentucky, nor when the action was commenced, have the power under its charter to acquire or hold the land in controversy, and, consequently, could not maintain the action at all: nor did the statute of 1870, enacted while the action was pending, operate to give to appellee any right to

relief or recovery in this action it did not have when it was commenced. Whatever right, legal or equitable, appellee may have acquired in virtue of that statute, must be sought and enforced in another action.

The petition for rehearing is overruled.