# WESTERN UNION TELEGRAPH COMPANY *v.* LOUISVILLE & NASHVILLE RAILROAD COMPANY.

### ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF KENTUCKY.

No. 259. Argued January 4, 1922.—Decided February 27, 1922.

A telegraph company whose line occupied part of a railroad right of way under an expired contract with the railroad company obtained a judgment under Ky. Stats., § 4679c, adjudging it a right to condemn the easement and fixing the damages, which it paid into court; and, pending an appeal upon which the Circuit Court of Appeals ordered a new trial on the right to include part of the property affected and on the damages, an act was passed (Acts 1916, c. 15) providing generally that no part of a railroad right of way should be condemned, longitudinally, for a telegraph line, and making no exception of pending cases. *Held:* (1) That the telegraph company acquired no vested right through the judgment, and its right to condemn was repealed by the later act. P. 18.

(2) Kentucky Stats., § 465, declaring against construing a new law to repeal a former law as to rights accrued or claims arising under it, or in any way whatever to affect any right accrued or claim arising before the new law takes effect, was inapplicable. P. 19.

(3) The withdrawal of the right of condemnation violated neither the Fourteenth Amendment nor the provision of the Kentucky constitution forbidding any interference by the legislature with judicial proceedings in court. P. 19.

Affirmed.

APPEAL from a decree of the District Court dismissing appellant's petition in condemnation.   A former appeal in this case went to the Circuit Court of Appeals.   249 Fed. 385.   In an ancillary proceeding, an injunction was granted by the District Court, 201 Fed. 946, and sustained by the Circuit Court of Appeals, but on a subsequent appeal that court decided that it should be dissolved because of the repealing statute here in question.   See 268 Fed. 4, 13.

*Mr. Alexander Pope Humphrey* and *Mr. Rush Taggart*, with whom *Mr. Francis R. Stark* and *Mr. W. Overton Harris* were on the briefs, for plaintiff in error.

*Mr. Helm Bruce,* with whom *Mr. Edward S. Jouett* was on the brief, for defendant in error.

MR JUSTICE McKENNA delivered the opinion of the court.

Plaintiff in error, herein called the Telegraph Company, brought this proceeding to condemn an easement upon the right of way of defendant in error, herein called the Railroad Company, in exercise of a right conferred by a Kentucky statute of 1898 (Ky. Stats., § 4679c).[1]

---

[1] "§ 4679c.  1.  Right of to erect and operate lines.   That a telegraph company chartered or incorporated by the laws of this or any other State, shall, upon making just compensation, as hereafter provided, have the right to construct, maintain and operate telegraph lines through any public lands of this State, . . . and on, along and upon the right of way and structures of any railroad in this State:  . . . in such manner as not to interfere with the ordinary use or the ordinary travel and traffic on such . . . railroads, . . :

"7. Judgment, form of. . . . 'Now upon payment of said award either to the defendant or to the clerk of this court, and all costs in this behalf expended, said ——— Telegraph Company may enter upon said land and appropriate so much thereof as may be necessary, as prayed for in its petition.' "

The purpose is to condemn as a right under the sanction of the statute so much of the right of way of the Railroad Company as was occupied at the time of suit by the Telegraph Company under a contract with the Railroad Company, which was about to expire.

After pleadings in addition to the petition and answer, the case was tried to a jury, which returned a verdict fixing the compensation and damages at $500,000. The verdict was received and entered and it was adjudged by the court that the Telegraph Company have the right it petitioned for.

A new trial was ordered, and the court reserved to itself the decision of the necessity of the easement, and whether, if adjudged, it would "interfere with the ordinary use by" the Railroad Company "of its right of way, or with the ordinary travel and traffic on the railroad." Both questions were ultimately resolved in favor of the Telegraph Company and a jury having been duly impaneled, and instructed by the court, assessed the damages and compensation to be paid at five thousand dollars.

It was then adjudged that the Telegraph Company should have the right of way prayed for. There were specific details of the manner of acquisition and use, and explicit description of the location, with provisions for changes in location according to the necessities of the Railroad Company.

On March 8, 1916, the Telegraph Company paid into the court the amount of the award and costs.

The Railroad Company prosecuted error to the Circuit Court of Appeals. The court after an elaborate consideration of the case said that it inferred "from the record (the specific question has not been argued) that there are comparatively small fractions of the desired right of way as to which it may be reasonably claimed that the interference with the railroad use is too serious to permit condemnation." It was intimated, however, that "an award

of damages " might " meet the case ", but that it might be that another telegraph line could not be so placed as not to substantially obstruct the use by the Railroad Company of its right of way for some railroad puipose. The court, therefore, concluded that the verdict of the jury and the judgment entered thereon must be set aside, and the case remanded for new trial upon the question of amount of compensation, and for such further hearing and decision upon the question of the forbidden interference in specific places as the opinion indicated might be open. 249 Fed. 385. As we construe the decision there was a reversal not only on the question of damages but on the question of the interference by the easement petitioned for with the use by the railroad of its right of way. And hence there might be brought into consideration a conflict between the uses, the resolution of which would determine for or against the right of the Telegraph Company under the law of 1898.

On March 14, 1916, the legislature of the State repealed the Act of March, 1898.[1]

---

[1] "An Act to protect Railroad Companies in the use and enjoyment of their rights of way by forbidding the condemnation thereof for other purposes.

" Be it enacted by the General Assembly of the Commonwealth of Kentucky:

" § 1. That no part of the right of way of any railroad company, or any interest or easement therein, shall be taken by any condemnation proceedings, or without the consent of such railroad company, for the use or occupancy of any part of such right of way, on, over, and along such right of way longitudinally, by any telegraph, telephone, electric light, power, or other wire company, with its poles, cables, wires, conduits, or other fixtures; provided, that nothing in this section shall be construed as preventing any such wire company from obtaining the right to cross the right of way of a railroad company, under existing laws in such manner as not to interfere with the ordinary use or ordinary travel and traffic of such railroad company's railroad.

" § 2. That all acts and parts of acts in conflict with this act be and the same are hereby repealed."

Upon the return of the case to the District Court, the Railroad Company, in an amended answer, pleaded the Act of March 14, 1916, and moved a dismissal of the petition upon the ground that that act had withdrawn the right to prosecute it. To this answer the Telegraph Company replied that the Act of March 14, 1916, did not affect the litigation, and, that if it be given that effect, it would be void under the constitution of the State because of legislative interference with " proceedings pending in a judicial tribunal ". And, further, that under a proper construction of the statutes of the State the present proceedings were not affected by them, and if so applied they would violate the constitution of the State and the Fifth and Fourteenth Amendments to the Constitution of the United States.

The court denied the motion to dismiss the petition, deciding that the repealing act, taken in connection with § 465 [2] was not intended to affect pending cases, and that if so intended, the repealing act was void under the constitution of the State which precludes interference with judicial proceedings, the courts having the " exclusive right to determine the law of existing cases."

The ruling was contrary to that subsequently made by the Circuit Court of Appeals, the latter court holding, reversing the District Court's action in refusing to dissolve the injunction that had been granted against the Railroad Company in a suit brought for that purpose, that within the meaning of § 465 the Telegraph Company had not acquired any vested right when the repealing act was passed and that, therefore, that act terminated the right of eminent domain conferred upon the Telegraph

---

[2] Section 465. " No new law shall be construed to repeal a former law as to . . . any right accrued or claim arising under the [a] former law, or in any way whatever to affect . . . any right accrued or claim arising before the new law takes effect. . . ."

Company by the law of 1898. A petition for rehearing was denied. 268 Fed. 4, 13.[1]

The District Court, no doubt regarding the decision of the Circuit Court of Appeals as an authoritative construction of the statutes (repealing act and § 465), on motion of the Railroad Company, notwithstanding the invocation of the constitution of Kentucky and the Constitution of the United States by the Telegraph Company, reversed its former ruling, and dismissed the petition.

From this statement of the case it is clear that the constitutionality of the repealing act is the determining question in the case—its " storm-center," to use the words of counsel, and to the ruling of the court sustaining its constitutionality this writ of error is directed. And it was not introduced into the cause until the cause was sent back for a new trial on all of the issues by the Circuit Court of Appeals.

The assignments of error of the Telegraph Company are in effect repetition of its contentions in the District Court (and we may say of its contentions in the Circuit Court of Appeals) and are all based on the asserted immutability of the judgment of the District Court, the effect of the award of damages and the payment of the latter into court. The contentions repel almost immediately upon their utterance. To yield to them would practically take away the virtue of an appeal, give it right and procedure but accord it only partial effect. The present case illustrates this. The Circuit Court of Appeals reversed the judgment of the District Court in favor of the Telegraph Company, not only because of errors in amount of the award but because of errors in the judg-

---

[1] The injunction suit was brought to restrain the Railroad Company from disturbing the Telegraph Company's occupancy of the right of way of the Railroad Company pending this proceeding. The injunction was granted February 7, 1913, 201 Fed. 946. The order granting it was affirmed by the Circuit Court of Appeals. 207 Fed. 1.

ment of conditions essential to a grant of the easement. 249 Fed. 385. There was something more, therefore, to be inquired into upon the return of the case to the District Court than the amount of compensation to be paid, as we have pointed out.

The Telegraph Company insists that § 465 of the Kentucky Statutes precludes the application of the Act of March 14, 1916, to the case, and such was the original view. We can not accede to it. We agree with the Circuit Court of Appeals that no right had accrued or claim arisen under the judgment of the District Court within the meaning of. § 465. Besides, as also pointed out by the Circuit Court of Appeals, the Act of March 14, 1916, is general and absolute. It takes away the power to condemn the right of way of a railroad company by telegraph companies and it does not save proceedings commenced before its applicable date. Such reservation is usual, if intended (*Railroad Co.* v. *Grant,* 98 U. S. 398) and is illustrated by *Pannell* v. *Louisville Tobacco Warehouse Co.,* 113 Ky. 630.

The contention that if the repealing act be construed to apply to the pending litigation it is an interference by the legislature with judicial proceedings and, therefore, void under the constitution of the State, challenges to particular attention. It is sustained, the Company asserts, by the decisions of the State.

The principle relied upon was first expressed in *Gaines* v. *Gaines' Executor,* 9 B. Mon. 295, 301. We quote from a marginal note, using it as the expression of the principle of the case, as follows: " The Legislature have no power where a controversy is pending between individuals growing out of their respective rights, to so act as to cast off the rights of one of the parties and his remedy likewise . . ." It is expressed in another case as follows: " If the Legislature, during the pendency of litigation, were to pass an act having a retroactive effect in favor of

one of the litigants, it would be an invasion by one independent department of the government of another, and, therefore, unconstitutional." *Marion County* v. *Louisville & Nashville R. R. Co.,* 91 Ky. 388; *Thweatt* v. *Bank of Hopkinsville,* 81 Ky. 1. In another case it is succinctly said that legislation pending suit cannot affect rights which existed before suit and upon which suit was brought. *Turner* v. *Town of Pewee Valley,* 100 Ky. 288.

We have considered the cases and their incidents. It is not necessary to review them. There is a marked distinction between them and the case at bar. They all concerned the litigation of private rights and relations, and legislation which attempted to change those rights and relations by changing the conditions upon which they depended. The legislation in the case at bar has different purpose. It is directed to that which is conceived to concern the public interest; an exertion of power in the public interest of which the companies are the instruments or agents. It is not, therefore, within the principle of the cases cited against it. And, as we have seen, no rights had so far vested in the Telegraph Company as to preclude a change of policy or legislation which affected it.

Of the effect of a reversal on appeal of a judgment and award in a condemnation proceeding and a repealing act, *Treacy* v. *Elizabethtown, Lexington & Big Sandy R. R. Co.,* 85 Ky. 270, is of pertinent reference. It is there held that if a judgment in condemnation proceedings be reversed on appeal (the conditions requisite to legal condemnation of the land not having been established) the case upon reversal stands upon the petition or application alone, and the proceedings being thus *in fieri* the law under which they were instituted could be repealed, and if repealed, the subsequent proceedings must be under the new law. The principle was announced to sustain the repeal of the charter of a railroad company under which upon the rendition of the verdict assessing damages for

the property taken the railroad had the right to enter upon the land and construct its road, and upon payment or tender of payment was clothed with title to the property. And it was said, "The State has the right to say on what terms it will allow its right of eminent domain to be exercised, so long as any thing remains to be done by the corporation in order to complete the condemnation of the land." And necessarily, we may add, the State has a right to say upon what property or to what extent the right of eminent domain shall be exercised. The case seems a complete answer to the contentions of the Telegraph Company. See also *Pannell* v. *Louisville Tobacco Warehouse Co.*, 113 Ky. 630; *Commonwealth* v. *Ewald Iron Co.*, 153 Ky. 116; 1 Lewis on Eminent Domain, 3rd ed., § 380; Cooley's Constitutional Limitations, 6th ed., pp. 143, 343; Endlich on Interpretation of Statutes, §§ 480–486.

Cases in which it is decided that upon payment or tender of the award of damages the condemning company has a right to take possession of the land it seeks to condemn are not inconsistent with *Treacy* v. *Elizabethtown, Lexington & Big Sandy R. R. Co., supra.* In that case there was not only under the railroad's charter a right of entry, but upon payment or tender of payment of the damages awarded the actual title could have been acquired and yet the repealing statute was given effect because the conditions of condemnation had not been established.

The same comment is applicable to § 7 of the Act of 1898 which provides that telegraph companies upon the payment of the award may enter upon the land they seek to condemn. The Telegraph Company in the present case was not put to exercise the privilege. It had possession having received it under the contract with the Railroad Company. The contract having expired the Telegraph Company was put to confirm the possession

and fix it as a right. The accomplishment of this the repealing act prevented.

Our conclusion, therefore, is that as the State could have withheld the power from telegraph companies to condemn the right of way of railroad companies, the State could withdraw the power before its exercise, and it could not be exercised before the conditions of condemnation were established and adjudicated, and this not preliminarily or dependently, but in final and unreviewable determination. To this situation the condemnation in the present case had not attained. The grant of power to the Telegraph Company, therefore, was subject to legislative control, and the Act of March 14, 1916, was not an "interference by the Legislature with judicial proceedings in court" and does not offend the Fifth or Fourteenth Amendments.

*Judgment affirmed.*