### Petition of CALLANAN.
### No. 58097.

District Court, E. D. Michigan, S. D.

Aug. 11, 1931.

O. T. Moore, District Director of Naturalization and James L. Pangle, Asst. District Director of Naturalization, both of Detroit, Mich., for the government.

TUTTLE, District Judge.

The sole question presented by this petition for naturalization, and by the objections of the Naturalization Examiner thereto, is whether the provisions of the statutes which entitled alien World War veterans to naturalization without proof of the period of residence required of other aliens are still in force, so that this court now has power to grant the petition of such a veteran, filed before March 4, 1931, without proof of such residence, or whether, as is claimed by the government, such power expired by limitation of law on that date. A reference to the history of the applicable legislation will be helpful.

Section 1 of the Act of Congress of May 9, 1918, chapter 69, 40 Stat. 542, which amended section 4 of the Act of June 29, 1906 (34 Stat. Part 1, chapter 3592, p. 596), by adding a seventh subdivision thereto, and which later became sections 391 and 392 of title 8 of the United States Code contained the following provisions: "Any alien who served in the military or naval service of the United States during the time this country was engaged in the World War, might file his petition for naturalization without making the preliminary declaration of intention and without proof of the required five years' residence within the United States." (8 USCA § 392). "Any person who was serving in the military or naval forces of the United States at the termination of the World War, and any person who before the termination of said war may have been honorably discharged from the military or naval services of the United States on account of disability incurred in line of duty, shall, if he applies to the proper court for admission as a citizen of the United States, be relieved from the necessity of proving that immediately preceding the date of his application he has resided continuously within the United States the time required by law of other aliens, or within the State, Territory, or the District of Columbia for the year immediately preceding the date of his petition for naturalization, but his petition for naturalization shall be supported by the affidavits of two credible witnesses, citizens of the United States, identifying the petitioner as the person named in the certificate of honorable discharge, which said certificate may be accepted as evidence of good moral character required by law, and he shall comply with the other requirements of the naturalization law." (8 USCA § 391).

Section 1 of the Sundry Civil Appropriation Act of June 19, 1919, chapter 24, 41 Stat. 222, contained the following provision: "Any person of foreign birth who served in

the military or naval forces of the United States during the present war, after final examination and acceptance by the said military or naval authorities, and shall have been honorably discharged after such acceptance and service, shall have the benefits of the seventh subdivision of section 4 of the Act of June 29, 1906, Thirty-fourth Statutes at Large, part 1, page 596, as amended, and shall not be required to pay any fee therefor; and this provision shall continue for the period of one year after all of the American troops are returned to the United States."

Section 7 of the Act of May 26, 1926, chapter 398, 44 Stat. 655, provided as follows: "An alien veteran shall, if residing in the United States, be entitled, at any time within two years after the enactment of this Act, to naturalization upon the same terms, conditions, and exemptions which would have been accorded to such alien if he had petitioned before the armistice of the World War, except that such alien shall be required to appear and file his petition in person and to take the prescribed oath of allegiance in open court."

Section 1 of said Act (8 USCA § 241) defined the term "alien veteran," so used, as meaning "an individual, a member of the military or naval forces of the United States at any time after April 5, 1917, and before November 12, 1918, who is now an alien not ineligible to citizenship," with certain exceptions not material here.

Section 3 of the Act of March 4, 1929, chapter 683, 45 Stat. 1546 (8 USCA § 392a) provided as follows: "An alien veteran, as defined in section 241 of this title, shall, if residing in the United States, be entitled, at any time within two years after the enactment of this Act, to naturalization upon the same terms, conditions, and exemptions which would have been accorded to such alien if he had petitioned before the armistice of the World War, except that such alien shall be required to appear and file his petition in person and to take the prescribed oath of allegiance in open court."

Under the familiar rule that a statute which is inconsistent with a later statute is impliedly repealed thereby (United States v. Yuginovich, 256 U. S. 450, 41 S. Ct. 551, 65 L. Ed. 1043), it is clear that the 1918 statute already quoted, providing a special naturalization procedure for alien veterans of the World War, was, by necessary implication, repealed and superseded by the subsequent 1919 statute expressly limiting

the force and effect of such special procedure to the period of one year after the return of all of the American troops to the United States. For the same reason, the last-mentioned statute was itself supplanted by the 1926 Act extending, but limiting, the effective life of this particular procedure to two years after the effective date of that act, which in turn was superseded by the 1929 statute providing that such alien veterans should be "entitled, at any time within two years after March 4, 1929, to naturalization" upon compliance with the special procedural requirements thereby prescribed. If the obvious intention of Congress, in the exercise of its plenary power over naturalization, as expressed in this legislation, is to be given effect, as manifestly it must be, there can be no doubt that at the time of the filing of the naturalization petition here involved (which was subsequent to the enactment of the Act of March 4, 1929 and prior to March 4, 1931) the enjoyment by the petitioner of the privilege of being naturalized in accordance with the special terms and conditions prescribed by this statute was subject to the condition that such petitioner was so "entitled" to such "naturalization" only "at any time within two years after March 4, 1929."

The suggestion that the limiting effect of this statute should not be applied to naturalization petitions actually filed and pending while such statute was in full force and effect, as that would be to illegally interfere with vested rights, is clearly without merit.

The statute in question relates to procedure rather than to vested rights, and it is well settled that a statute which merely terminates or changes legal jurisdiction or procedure and does not affect vested rights applies to actions and proceedings pending at the time of the enactment of such statute as well as to those not then commenced, in the absence, as here, of a saving clause expressly providing otherwise. Baltimore & Potomac Railroad Co. v. Grant, 98 U. S. 398, 25 L. Ed. 231; Hallowell v. Commons, 239 U. S. 506, 36 S. Ct. 202, 60 L. Ed. 409.

Moreover, even if this statute should be considered as involving not merely matters of procedure but also a right, on the part of the aliens affected, to be naturalized in accordance with its provisions, it is plain that such "right" is one only in an exceedingly limited sense and that, in substance, it is merely a privilege and a matter of grace wholly subject to the will of Congress.

Johannessen v. United States, 225 U. S. 227, 32 S. Ct. 613, 56 L. Ed. 1066; United States v. Ginsberg, 243 U. S. 472, 37 S. Ct. 422, 61 L. Ed. 853. Congress, therefore, could limit or remove this privilege which it had granted to a certain class of aliens, of naturalization on the special terms so prescribed, at any time before such privilege had been fully exercised and given full effect by the orders of the proper court admitting such aliens to citizenship, just as a state, which could have originally withheld from a corporation the power to condemn property, may subsequently "withdraw the power before its exercise, and it could not be exercised before the conditions of condemnation were established and adjudicated, and this not preliminarily or dependently, but in final and unreviewable determination." Western Union Telegraph Co. v. Louisville & Nashville Railroad Co., 258 U. S. 13, 42 S. Ct. 258, 261, 66 L. Ed. 437.

I reach the conclusion and hold that the provision in the Act of March 3, 1929, limiting the time for naturalization thereunder to two years after that date applies to petitions filed before March 4, 1931, pursuant to said act, as well as to petitions not then filed, and that therefore the petition here involved must be denied. An order will be entered accordingly.