## ALLEN v. REED et al.
### No. 5246.

Court of Appeals of District of Columbia.

Argued Nov. 9, 1931.

Decided Dec. 7, 1931.

Alvin L. Newmyer and George C. Gertman, both of Washington, D. C., for appellant.

Walter C. Clephane, J. Wilmer Latimer, and Gilbert L. Hall, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

VAN ORSDEL, Associate Justice.

This appeal is from a judgment of the Supreme Court of the District of Columbia in an ejectment proceeding. The real estate involved in this case was part of the estate of one Silas Holmes, who died November 11, 1892. The appellant here is the testator's great grandson and next of kin, while the appellees are his brothers and sisters and the descendants of brothers and sisters.

In 1922, litigation arose over the rents derived from the property, which called for a construction of the will. On hearing, a decree was entered by the court below adjudging the present appellees entitled to the rents and profits. From that decree, the present appellant took an appeal. During the pendency of the appeal, and in the absence of a supersedeas bond, the appellees instituted an action in ejectment against the appellant wholly based on the decree then on appeal, and, before the case was determined on appeal, a judgment in favor of appellees was entered, from which no appeal was taken.

In January, 1927, this court (57 App. D. C. 78, 17 F.(2d) 666) reversed the decree of the court below and remanded the case, with instructions to enter a decree in favor of the present appellant. Appellant then brought the present action in ejectment against the appellees, basing his title to the

property and right to possession upon the decree entered in accordance with the mandate of this court. Appellees pleaded the former judgment in ejectment in bar. Appellant replied alleging that since the former judgment he had acquired a new and different title from that asserted in the former ejectment proceeding. Appellees demurred to the replication, and the demurrer was sustained. Appellant elected to stand upon his replication, and judgment was entered for the appellees. From this judgment, the present appeal was prosecuted.

There is nothing especially sacred about a judgment in ejectment, nor anything exceptional that does not apply to judgments in general. Section 1002 of the Code (D. C. Code 1929, T. 24, § 178) provides as follows: "Any final judgment rendered in an action of ejectment shall be conclusive as to the title thereby established as between the parties to the action and all persons claiming under them since the commencement of the action." It will be observed that this relates to final judgments. A judgment appealed from is not a final judgment. It is merely an adjudication of the inferior court, the finality of which depends upon the action of the superior court. Until the decree upon which the judgment in the first ejectment suit was based was disposed of on appeal, it was not a final judgment, and was not therefore conclusive upon the parties on the question of title. Title remained suspended pending the appeal.

The judgment in the first ejectment proceeding was dependent entirely upon the title acquired through the decree of the Supreme Court of the District of Columbia. But that decree, on appeal, was reversed, and therefore became void. It conveyed no title whatever upon which the parties could base their action for possession. As the court said in Golde Clothes Shop v. Loew's Buffalo Theatres, 236 N. Y. 465, 470, 141 N. E. 917, 918, 30 A. L. R. 931: "We are told that the defendant rested upon an order of a court. The prop was insecure, and warning was not lacking of the danger of collapse. When the order was reversed and the proceeding dismissed, rights and duties were re-established, inter partes, as if no order had been made. * * *" In that case, a landowner had been let into possession under a warrant in a summary proceeding and proceeded to tear down buildings and erect valuable improvements on the land pending appeal. The order was reversed, and ejectment proceedings brought against the tenant. It was held that there was not even an equitable defense to the action.

The decree based upon the mandate of this court was the first and only final decree upon which a judgment in ejectment could be based. The first ejectment suit was merely in aid of the first decree. When that decree was reversed, "vacated, set aside, and for nothing held," the judgment for possession shared the fate of the decree upon which reliance was placed for title. It is elementary that when a judgment, order, or decree is set aside, a dependent judgment or proceeding based upon it for its validity shares its fate and falls with it. 4 C. J. p. 1205; Ure v. Ure, 223 Ill. 454, 79 N. E. 153, 114 Am. St. Rep. 336; Dodson v. Butler, 101 Ark. 416, 420, 142 S. W. 503, 39 L. R. A. (N. S.) 1100, Ann. Cas. 1913E, 1001.

The reversal of a judgment or decree places an implied obligation on a party who has received the benefits of the erroneous judgment or decree, to make restitution to the other party for what he has lost. Bank of U. S. v. Bank of Washington, 6 Pet. 8, 17, 8 L. Ed. 299. It was within the power of the equity court, upon the mandate of this court, to have ordered restitution of possession in its decree. Possessing this power, it would be trifling with justice to hold that the court was without power to grant restitution in ejectment.

The judgment is reversed, with costs.