**UNITED STATES v. BRUNO.**

No. 7174b.

District Court, D. New Jersey.

Dec. 20, 1938.

John J. Quinn, U. S. Atty., of Red Bank, N. J. and Thorn Lord, Asst. U. S. Atty., of Trenton, N. J., for the United States.

Richard C. Chamberlain, Jr., and Walter B. Petry, both of Trenton, N. J., for defendant.

FORMAN, District Judge.

The defendant Bruno was indicted March 26, 1935 for "willfully, knowingly, unlawfully and feloniously" procuring naturalization in violation of the laws of the United States by falsely representing under oath that he was a veteran of the army of the United States in the World War, and had been honorably discharged; whereas in truth he had never served in any army of the United States.

Bruno had filed his petition for naturalization on March 18, 1930 pursuant to the act of March 4, 1929 which reads as follows: "An alien veteran, as defined in section 241 of this title, shall, if residing in the United States, be entitled, at any time within two years after March 4, 1929, to naturalization upon the same terms, conditions, and exemptions which would have been accorded to such alien if he had petitioned before the armistice of the World War, except that such alien shall be required to appear and file his petition in person and to take the prescribed oath of allegiance in open court". 8 U.S.C.A. § 392a.

This special dispensation to alien veterans has its inception in the act of May 9, 1918 which provides: " * * * any alien serving in the military or naval service of the United States during the time this country is engaged in the present war may file his petition for naturalization without making the preliminary declaration of intention and without proof of the required five years' residence within the United States." 40 Stat. 542, 8 U.S.C.A. § 392.

On July 19, 1919, 41 Stat. 222, 8 U.S.C.A. § 388 note, Congress enacted a statute which gave the benefits of naturalization to those persons who had served in the military or naval forces of the United States during the World War, and who were honorably discharged therefrom.

794

On May 26, 1926, 44 Stat. 654, 655, 8 U.S.C.A. § 241 et seq., Congress enacted another statute extending the benefits of naturalization to alien veterans of the World War. This legislation was followed by the act of March 4, 1929 under which the defendant claimed benefits.

The basic naturalization law enacted June 29, 1906, 8 U.S.C.A. § 372 et seq., provides as follows:

"Any person who knowingly procures naturalization in violation of the provisions of this chapter shall be fined not more than $5,000, or shall be imprisoned not more than five years, or both, and upon conviction the court in which such conviction is had shall thereupon adjudge and declare the final order admitting such person to citizenship void". 8 U.S.C.A. § 414

and

"No person shall be prosecuted, tried, or punished for any crime arising under the provisions of sections * * * of this title, unless the indictment is found or the information is filed within five years next after the commission of such crime". 8 U.S.C.A. § 415.

Defendant argues that the five year statute of limitations applies only to such crimes as arise under the act of June 29, 1906, that the act of March 4, 1929 is a separate and distinct enactment and is not an amendment to the basic naturalization act of 1906. Accordingly, defendant contends that the penalty for violation of this act should not be pursuant to the act of June 29, 1906, 8 U.S.C.A. § 414, supra, but pursuant to the act of March 4, 1909 of the Criminal Code which follows: "Whoever, in any proceeding under or by virtue of any law relating to the naturalization of aliens, shall knowingly swear falsely in any case where an oath is made or affidavit taken, shall be fined not more than $1,000 and imprisoned not more than five years". 18 U.S.C.A. § 142.

Defendant further argues that the five year statute of limitations governing the act of 1906 is inapplicable, and that the three year period in the Criminal Code applies. This statute has its origin prior to the five year statute, and is as follows: "No person shall be prosecuted, tried, or punished for any offense, not capital, except as provided in section 584 of this title, unless the indictment is found, or the information is instituted, within three years next after such offense shall have been committed". 18 U.S.C.A. § 582.

The contention that the act of March 4, 1929 is totally dissociated from the basic naturalization act of 1906 is without foundation. A careful reading of this enactment in connection with the acts of May 9, 1918, July 19, 1919 and May 26, 1926, all of which deal with the same subject matter, indicates that all of these acts are simply amendments to the act of 1906. This conclusion is buttressed by the fact that the 1929 act as a naturalization statute is only fragmentary. In fact, naturalization could not be effected within its terms, but only pursuant to the basic act of 1906.

Petition of Callanan, D.C., 51 F.2d 1067 is cited by the defendant for the proposition that the 1929 act is distinct and not amendatory to the act of 1906. This case does not reveal such a conclusion. It only indicates that the 1918 act is superceded by the 1919 act which is superceded by the act of 1926, and that that is superceded by the act of 1929.

It follows that defendant is properly charged with falsely procuring naturalization under the act of 1906, and that the five year statute of limitations applies. This court does not understand that the statute against false procurement of naturalization, 8 U.S.C.A. § 414, supra, has been repealed by the act of 1909, 18 U.S.C.A. § 142, supra, penalizing false swearing in naturalization proceedings. Certainly, there is no express repealing clause. Furthermore, there can be no repeal by implication as there is nothing inconsistent between the two acts. False procurement of naturalization and false swearing in a naturalization proceeding are entirely different. Under the view this court takes the defendant was guilty of an offense when he falsely swore in the naturalization proceeding. He committed another offense when he procured naturalization based upon his false swearing.

The motion to dismiss the indictment is denied.