FERRER et al. v. WATERMAN S. S.
CORPORATION.

TORRES et al. v. SAME.

ALGARIN et al. v. SAME.

Civ. Nos. 3741, 4034, 4035.

District Court of the United States
for Puerto Rico.

April 6, 1948.

Arturo Ortiz Toro, of San Juan, P. R.,
for plaintiffs.

James R. Beverley, of San Juan, P. R.,
for Waterman S. S. Corporation.

Philip F. Herrick, U. S. Atty., of San
Juan, P. R., for U. S. of America.

CHAVEZ, District Judge.

The matter before the Court is upon the motion of the defendant Waterman Steamship Corporation and the United States of America, intervenor, praying

(1) that the Waterman Steamship Corporation be permitted to amend its answer to the complaints of the three consolidated causes by adding thereto special defenses under sections 9 and 11 of the Portal-to-Portal Act of 1947, Public Law No. 49, 80th Congress, approved May 14, 1947, 29 U.S. C.A. § 251 et seq.

(2) that the District Court grant a rehearing for the purpose of taking testimony and hearing argument in connection with the aforesaid special defenses.

Two questions arise in the disposition of this motion: (1) did the plaintiffs obtain a vested right by the judgment entered by the District Court on April 25, 1947, and the amended judgment dated May 12, 1947; and (2) are sections 9 and 11 of the Portal-to-Portal Act constitutional.

The plaintiffs claim that the statutory right to recover compensation or damages is indestructible by the repeal of the Statute, once the event or transaction has occurred to which the statute applies and that causes of action which arise therefrom come within the protection of the Fifth and Fourteenth Amendment of the Constitution.

The record discloses the following: the judgment in the consolidated causes was entered on April 25, 1947. On May 12, 1947, an amended judgment was entered making designated awards of indebtedness and liquidated damages to certain plaintiffs whose names and amounts appear in a list attached thereto and dismissing the complaints as to all plaintiffs not so named or listed.

The defendant Waterman Steamship Corporation filed its first notice of appeal on May 5, 1947 and an amended notice of appeal on May 15, 1947.

The United States filed its notice of appeal on May 16, 1947.

On July 31, 1947 the mandate of the Circuit Court of Appeals for the First Circuit was entered directing the return of the record to the District Court for the purpose of further proceedings and commanding that such further proceedings be had in said consolidated causes in conformity with the order and mandate, as according to right and justice, and the laws of the United States, ought to be had, the said consolidated appeals notwithstanding.

■ Did the plaintiffs acquire a vested right in the judgment entered on April 25, 1947 and the amended judgment entered on May 12, 1947 or, put in another way, were the judgments entered on April 25 and May 12, 1947 final judgments.

In Kennedy Coal Corp. v. Buckhorn Coal Corp., 140 Va. 37, 124 S.E. 482, 484, upon the question of what constituted a vested right, the Court said:

"Now, what is a vested right? Without reference to a dictionary definition we would define it as a right, so fixed, that it is not dependent on any future act, contingency, or decision to make it more secure. * * * The right of appellees at the time of the rendition of the judgment of the court contained in the decree was not fixed in the sense that it was settled. It was an inchoate right, which would become vested upon the happening of one of two events, viz., an affirmance of the decree of the trial court by the Supreme Court of Appeals, or by the expiration of the period allowed at the time in which to take an appeal."

In Carroll Elec. Co. v. Snelling, 62 F.2d 413, a case decided by the Circuit Court of Appeals, 1st Circuit, on December 17, 1932, the Court quoted with approval the case of Allen v. Reed, 60 App.D.C. 346, 54 F.2d 713, 714, wherein the Court said:

"A judgment appealed from is not a final judgment. It is merely an adjudication of the inferior court, the finality of which depends upon the action of the superior court."

In Western Union Tel. Co. v. L. & N. R. Co., 258 U.S. 13, 18, 42 S.Ct. 258, 259, 66 L.Ed. 437, the Court speaking through Mr. Justice McKenna made the following terse comment:

"The assignments of error of the Telegraph Company are in effect repetition of its contentions in the District Court (and we may say of its contentions in the Circuit Court of Appeals) and are all based on the asserted immutability of the judgment of the District Court, the effect of the award of damages and the payment of the latter into court. The contentions repel almost immediately upon their utterance. To yield to them would practically take away the virtue of an appeal, give it right and procedure but accord it only partial effect. The present case illustrates this. The Circuit Court of Appeals reversed the judgment of the District Court in favor of the Telegraph Company, not only because of errors in amount of the award but because of errors in the judgment of conditions essential to a grant of the easement. Louisville & N. R. R. Co. v. Western Union Tel. Co. [6 Cir.] 249 F. 385. There was something more, therefore, to be inquired into upon the return of the case to the District Court than the amount of compensation to be paid, as we have pointed out."

In 3 Am.Jur. paragraph 1157, the rule is set out as follows:

"* * * both reason and the weight of authority point to the view that the case must be determined in the light of the law as it exists at the time of the decision of the appellate court, where the statute changing the law is intended to be retroactive and applied to pending litigation, or is retroactive in its effect; and this is true though it may result in the reversal of a

603

judgment which was correct at the time it was rendered by the trial court."

In People ex rel. Sears Roebuck & Co. v. Lindheimer, 1939, 371 Ill. 367, 21 N.E.2d 318, 321, 124 A.L.R. 1472, the rule as set out in 3 Am.Jur. was applied and the Court rejected the contention that the Appellate Court should adjudicate the case upon the law as it existed at the time of the judgment in the trial court, and the Court said:

"If final relief has not been granted before the repeal goes into effect it cannot be granted afterwards, even if a judgment has been entered and the cause is pending on appeal. The reviewing court must dispose of the case under the law in force when its decision is rendered."

See also National Carloading Corp. v. Phoenix-El Paso Express, 1944, 142 Tex. 141, 176 S.W.2d 564, 570, certiorari denied, 322 U.S. 747, 64 S.Ct. 1156, 88 L.Ed. 1578, wherein the Court said:

"If, before rights become vested in particular individuals, the convenience of the State induces amendment or repeal of the laws upon which they are based, these individuals are left without any remedy at law to enforce their claims; and if final relief has not been granted before the repeal goes into effect it cannot be granted thereafter, even if a judgment has been entered and the cause is pending upon appeal."

Even though it be conceded, which it is not, that the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., created a contractual right at law which must be read into every contract of employment covered by it, there is nothing to prevent Congress, in the exercise of the commerce power to modify the right. "Contracts, however express, cannot fetter the constitutional authority of the Congress. Contracts may create rights of property, but, when contracts deal with a subject-matter which lies within the control of the Congress, they have a congenital infirmity. Parties cannot remove their transactions from the reach of dominant constitutional power by making contracts about them." Norman v. Baltimore & O. R. Co., 294 U.S. 240, 307, 308, 55 S.Ct. 407, 416, 79 L.Ed. 885, 95 A.L.R. 1352. See also New York v. United States, 257 U.S. 591, 600, 601, 42 S.Ct. 239, 66 L.

Ed. 385, Addyston Pipe & Steel Co. v. United States, 175 U.S. 211, 229, 230, 20 S.Ct. 96, 44 L.Ed. 136, and especially Louisville & Nashville R. Co. v. Mottley, 219 U.S. 467, 31 S.Ct. 265, 55 L.Ed. 297, 34 L.R.A.,N.S., 671, which held that a contract, valid when made (in 1871), for the giving of a free pass by an interstate carrier, in consideration of a release of a claim for damages, could not be enforced after passage of the Act of June 29, 1906, 34 Stat. 584, 49 U.S.C.A. §§ 1, 6, 11, 14 et seq., 41.

Parties have no "vested" rights. Holland v. General Motors Corp., D.C., 75 F.Supp. 274, 279; Norman v. Baltimore & Ohio R. Co., supra.

Upon the question of retroactivity of the Portal-to-Portal Act, the Court in Holland v. General Motors Corp., supra, stated as follows:

"The fact that the Portal Act is retroactive as to the plaintiffs herein makes no difference under the circumstances shown. We are not dealing with a written or unwritten contract."

The Court then quotes from Blount v. Windley, 95 U.S. 173, 180, 24 L.Ed. 424, as follows:

"It may be said that this legislation is retroactive; and as applied to the case before us, it is so. But there is no constitutional inhibition against retrospective laws. Though generally distrusted, they are often beneficial and sometimes necessary. Where they violate no provision of the Constitution of the United States, there exists no power in this Court to declare them void."

The Court holds that Sections 9 and 11 of the Portal-to-Portal Act are constitutional. Rights under the Fair Labor Standards Act came into existence only by virtue of an act of Congress. These rights did not exist at common law, nor were they established by the Constitution. Therefore, since these rights were created by the Congress, they may be taken away in whole or in part, or altered, by Congress which established them at any time before they have ripened into final judgment. Western Union Telegraph Co. v. Louisville & Nashville R. Co., 258 U.S. 13, 42 S.Ct. 258, 66 L.Ed. 437; Kline v. Burke, 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077;

Boehle v. Electro Metallurgical Co., D.C., 72 F.Supp. 21; Rogers Cartage Co. v. Thomas Reynolds, 6 Cir., 1948, 166 F.2d 317; Holland v. General Motors Corporation, D.C., 75 F.Supp. 274.

The motion for permission to amend the Answer in the three consolidated cases, so as to include the special defenses and to grant a re-hearing in connection with the special defenses, is granted.