Thomas JACOBER, President, Citizens Against Forced Annexation, Inc. and James L. McGraw, President, Citizens United for Deannexation, Inc., Appellants,

v.

BOARD OF COMMISSIONERS OF CITY OF COVINGTON, Kentucky and The Mayor and Commissioners in their Individual Capacity, Bernard J. Moorman, Mayor; Walter I. Bubenzer, Commissioner; Irvin Callery, Commissioner; Thomas Benton, Commissioner; and Thomas Behan, Commissioner, Appellees.

Court of Appeals of Kentucky.

Oct. 10, 1980.

As Modified Nov. 7, 1980.

Bill G. Wilder, Florence, for appellants.

Sheryl G. Snyder, Wyatt, Tarrant & Combs, Louisville, A. R. Simpson, Covington, for appellees.

Before BREETZ, COOPER and WHITE, JJ.

BREETZ, Judge.

The appellants asked the lower court to order that a proposed ordinance initiated by petition be placed on the ballot at the regular election to be held on November 4, 1980. The lower court refused, and we affirm.

The proposed ordinance was submitted to the Board of Commissioners of the City of Covington under the statute providing for legislation by initiative, KRS 89.610, which provided in pertinent part:

Initiative.—(1) If a petition signed by a number of voters equal to at least twenty-five per cent (25%) of the total number of votes cast for both candidates for mayor at the last preceding regular election for mayor, stating the residence of each signer, and verified by the affidavits of one or more persons as to the signatures and residences, requesting the board of commissioners to pass an ordinance therein set forth, is presented to the board of commissioners, and if the

ordinance therein requested to be passed is one (1) that the board has a legal right to pass, the board shall then either pass the proposed ordinance without alteration within ten (10) days after the petition is filed, or submit the question of its passage to the voters of the city at the next regular election.

However, by the time the proposed ordinance was submitted to the Board of Commissioners on June 10, 1980, the 1980 General Assembly had already passed Senate Bill 26. That bill, signed into law on April 9, 1980, repealed KRS 89.610. The effective date of the repeal was July 15, 1980. Acts 1980, ch. 235, § 20.

The ordinance which was submitted to the board proposed to strike off two recently annexed areas from the boundaries of the City of Covington. The statutory authority for this procedure was KRS 81.140 which permitted the City of Covington, a second-class city, to reduce its boundaries "in the same manner and under the same procedure as is provided in KRS 81.100 and 81.110 for annexation." However, KRS 81.-140 was also repealed by the legislature. Acts 1980, ch. 303, § 15. As of July 15, 1980 cities can only reduce their boundaries in the manner now provided by KRS 81A.440.

The suit was defended on several grounds, and the lower court upheld each of the defenses. They were:

1) The proposed ordinance was not one which the board had 'a legal right to pass' because KRS 81.100 required the passage of two ordinances, a proposing ordinance and an annexing or reducing ordinance, before an area could be annexed to or stricken from a city. The proposed ordinance attempted to strike the areas from the City of Covington by the passage of only one ordinance.

2) The signatures on the petition for the initiative were not properly verified.

3) The repeal of KRS 89.610, without a savings clause for initiative proceedings begun but not completed, denied the commissioners the authority to place the proposed ordinance on the ballot in November.

We affirm on the basis of the third defense but in so doing we do not in any way intimate that the other two defenses are invalid.

■ The appellants contend that Section 4 of the Kentucky Constitution is a grant of authority to the citizens of Covington to initiate municipal ordinances. Thus, they argue, the repeal of KRS 89.610 did not abolish their right of initiative. We disagree. The rights granted under Section 4 of the Constitution are rights of all the people of the entire Commonwealth. Section 4 does not pertain to local government. *Holsclaw v. Stephens*, Ky., 507 S.W.2d 462 (1974). The voters of the City of Covington had the authority of initiative solely because it had been granted to them by the legislature. However, what the legislature gives the legislature may take away.

■ It has been stated, 73 Am.Jur.2d, *Statutes*, § 385 that:

> ... the unqualified repeal of a statute conferring civil rights or powers operates to deprive the citizen of all such rights or powers which are at the time of the repeal inchoate, incomplete, and unperfected, or which have not become vested.

Kentucky follows this principle so long as the repeal does not destroy vested rights. *State Highway Commission v. Mitchell*, 241 Ky. 553, 44 S.W.2d 533 (1931). This principle is codified in KRS 446.110 which reads in part:

> Offenses committed and rights accruing prior to repeal of law.—No new law shall be construed to repeal a former law as to ... any right accrued or claim arising under the former law, or in any way whatever to affect ... any right accrued or claim arising before the new law takes effect ...

It is argued that KRS 446.110 is in effect a savings clause which would prohibit the repeal of KRS 89.610 from affecting the rights of the voters of Covington to have the proposed ordinance placed on the ballot. We disagree.

The rights to which KRS 446.110 refers are private rights and not public rights.

*Western Union Telegraph Co. v. Louisville & Nashville Railroad Co.*, 258 U.S. 13, 42 S.Ct. 258, 66 L.Ed. 437 (1922); *State Board of Charities and Corrections v. Hays*, 190 Ky. 147, 227 S.W. 282 (1920); *Commonwealth v. Ewald Iron Co.*, 153 Ky. 116, 154 S.W. 931 (1913).

We agree with the trial court when it stated:

> The right to place a question upon a ballot in accordance with section 89.610 KRS is a public statutory privilege given to citizens at large, not a private right of property. It is therefore not a 'vested' right, and the legislature may properly alter or abolish the right of initiative on the legislatures' (sic) own terms.

Appellants' suit was pending on the effective date of the repeal of the initiative statute. The passage of the repealer was not legislative interference with judicial proceedings. *Western Union Telegraph Co. v. Louisville & Nashville Railroad Co., supra.*

The judgment is affirmed.

All concur.