## UNITED STATES ex rel. McLAUGHLIN v. AMERICAN CHAIN & CABLE CO. et al.

District Court, S. D. New York.

April 18, 1945.

John F. X. McGohey, U. S. Atty., by Laurence H. Axman, Asst. U. S. Atty., both of New York City, and J. Gregory Bruce, Sp. Asst. to Atty. Gen., for plaintiff.

Frederick S. Duncan, of New York City, for defendant American Chain & Cable 'Co.

Chadbourne, Hunt, Jaeckel & Brown, of New York City, for defendant Pyrene Mfg. Co.

GODDARD, District Judge.

The United States moves for a determination that the present qui tam suit is based upon evidence in the possession of the United States at the time the suit was brought. The Government also, in the event that such determination is made, moves to dismiss the complaint as to two defendants, American Chain & Cable Company, and Pyrene Manufacturing Company, who have been served.

This is an "informer's" or qui tam action brought under the provisions of Sections 3490–3494 of the Revised Statutes, 31 U.S. C.A. §§ 231–235. The suit is to recover alleged overcharges made by the defendants throughout a period of years in selling chains to the Government. The complaint was filed February 11, 1943.

On December 23, 1943, Section 3491 of the Revised Statutes was amended 31 U.S. C.A. § 232 to read in part—

"(C) * * * The court shall have no jurisdiction to proceed with any such suit brought under * * * this section whenever it shall be made to appear that such suit was based upon evidence or information in the possession of the United States, or any agency, officer or employee thereof, at the time such suit was brought: Provided, however, That no abatement shall be had as to a suit pending on December 23, 1943, if before such suit was filed such person had in his possession and voluntarily disclosed to the Attorney General substantial evidence and information which was not theretofore in the possession of the Department of Justice."

The amended statute is constitutional. United States v. Weekly Publications, 2 Cir., 144 F.2d 186, and since the complaint in the case at bar was filed on

February 11, 1943, the amended section is controlling.

After the amendment permitting the United States to appear and take over the prosecution of pending suits brought under Section 3491 of the Revised Statutes, the United States did enter an appearance on March 4, 1944, and assumed prosecution of this suit on the ground that the suit was based upon evidence or information in the possession of the United States or its agencies, officers or employees, at the time such suit was brought, and that it was not a suit pending on December 23, 1943, when, before such suit was filed, such person [the plaintiff] had in his possession and voluntarily disclosed to the Attorney General substantial evidence and information which was not theretofore in the possession of the Department of Justice.

■ Although the relator, Peter McLaughlin, asserts that he furnished at least some information to the Department of Justice which it did not previously possess, it is abundantly clear that all the material information for the suit was elicited by the Government, before the relator filed suit on February 11, 1943, from hearings held by the House of Representatives Committee on Naval Affairs on July 15 and 16, 1942, which hearings were attended by a representative of the Department of Justice. [See Committee Minutes pages 1089, 1137–1144, and Exhibits 482, 485, 500, 506.] It also had the information set forth in a complaint of the Federal Trade Commission of December 22, 1942 [Docket No. 4878, paragraph Four, Sections Sixteen and Seventeen, paragraph Six]. It is to be noted that in the plaintiff's complaint he includes only such portions of a letter and a telegram as are found in the minutes [page 1139] of the hearings held by the Committee on Naval Affairs.

Having made the above determination, the motion to dismiss the suit must be and is granted for lack of jurisdiction. United States v. Anaconda Wire & Cable Co., D.C., 57 F.Supp. 106.

■ The relator asks that he be allowed compensation for his services in drawing the complaint and other services in connection with the suit, but under the circumstances the court has no authority to grant such an allowance, and the request is denied.

Settle order on notice.