## UNITED STATES ex rel. RODRIGUEZ v. WEEKLY PUBLICATIONS, Inc., et al.

### No. 381.

Circuit Court of Appeals, Second Circuit.
July 28, 1944.

Morris D. Forkosch, of New York City, for Richard Rodriguez, relator-appellant.

Francis M. Shea, Asst. Atty. Gen., and James B. M. McNally, U. S. Atty., and Lawrence H. Axman, Asst. U. S. Atty.,

both of New York City (Joseph M. Friedman, Sp. *Asst. to* Atty. Gen., and Elihu Schott, Sp. Atty., Department of Justice, of Washington, D. C., of counsel), for the United States.

Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This is a qui tam action brought by the relator Rodriguez on November 18, 1943, for himself and the United States under the informer statute (Revised Statutes, §§ 3490-3493, 31 U.S.C.A. §§ 231-234) to recover $2,606,000 and statutory penalties, counsel fees and costs. The action is founded upon the claim that the defendants cheated the Post Office Department out of $1,303,000 by obtaining mailing rates for their publications which yielded that much less than the proper amount through false representations made to the Department. On December 23, 1943, Congress amended the Informer Statute by repealing § 3493 and by substantially reducing the maximum percentage of any recovery which might have been awarded to an informer under the prior statute and by enabling the court to fix the amount within limits which were lower than the 50% allowed before the amendment. The amendment provided that the court in which a suit is brought at the instance of the informer shall stay proceedings and cause written notice to be given forthwith to the Attorney General (who shall have sixty days to appear and carry on the suit) by sending to him a copy of the complaint together with substantially all information material to the effective prosecution of the proceeding. If the United States shall fail to enter an appearance within the period of sixty days or decline in writing to do so within that time the person bringing it may carry it on. But if the United States shall enter an appearance the suit shall be carried on solely by it. The amendment likewise states that the United States shall not be bound in its conduct of the suit by any action of the person who brought it and may proceed in all respects as if it were instituting the suit, "Provided that if the United States shall fail to carry on the suit with due diligence for a period of six months from the date of its appearance therein or within such additional time as the court after notice may allow, such suit may be carried on by the person bringing

the same" at the sole cost and charge of such person.

The amendment further provided that the court should have no jurisdiction to proceed with such a suit whenever it should appear that the suit was based upon evidence or information in possession of the United States at the time the suit was brought.

On December 9, 1943, and prior to the amendment of the act on December 23, 1943, the defendants moved to dismiss the complaint for insufficiency. This motion was heard by Judge Caffey. Before a decision could be rendered he was informed of the amendment. On January 6, 1944, a notice was served on the Attorney General informing him of the pendency of the suit and on January 17, 1944, Judge Caffey made an order staying proceedings therein until the further order of the court. On March 4, 1944 the United States Attorney entered an appearance for the United States as provided in the amendment.

On March 8, 1944 the relator moved in the District Court before Judge Bright for an order striking out and declaring void the notice of appearance of the United States and restoring the motion to dismiss the complaint to the District Court for decision. After argument of the motion to strike Judge Bright filed an opinion and made an order denying the motion and vacating the stay from which the relator has appealed.

■ The question confronting us at the outset is whether the order is appealable. This depends on whether it comes within the terms of Sections 128 and 129 of the Judicial Code.

Section 128, 28 U.S.C.A. § 225, provides that:

"The circuit courts of appeal shall have appellate jurisdiction to review by appeal final decisions—

"First. In the district courts, in all cases * * *."

Section 129 of the Judicial Code, 28 U.S.C.A. § 227, provides that:

"Where, upon a hearing in a district court, or by a judge thereof in vacation, an injunction is granted, continued, modified, refused, or dissolved by an interlocutory order or decree, or an application to dissolve or modify an injunction is refused * * * an appeal may be taken from such interlocutory order or decree to the circuit court of appeals * * *."

We think it clear that the order here was not final. It did nothing but allow the intervention of the United States as a party in its own right pursuant to the terms of the amendment to the Informers' Act, rather than as a mere nominal party, for the amendment gave the United States no permanent status in its new capacity because control of the suit might be resumed by Rodriguez if the United States should fail to carry it on with due diligence within a period of six months time or within such additional time as the court after notice might allow. In the event of the failure of the United States to prosecute the suit diligently, it might be conducted by the person bringing the same. In other words, the intervention of the United States as a party in permanent control of the litigation has not occurred, and as the record stands its status is at present tentative. The order has up to the present time done no more than add a new party-plaintiff. Such an order is not final and no appeal from it lies. Deckert v. Independence Shares Corp., 311 U.S. 282, 61 S.Ct. 229, 85 L.Ed. 189; Central California Canneries Co. v. Dunkley Co., 9 Cir., 282 F. 406, 410.

■ It is further argued that an appeal lies because the order has the practical effect of restraining one of the parties from further prosecuting the action against the defendant and thus amounts to an injunction restraining Rodriguez from carrying on the suit. Whatever may be the limits of Ettleson v. Metropolitan Life Ins. Co., 317 U.S. 188, 63 S.Ct. 163, 87 L.Ed. 176, we cannot regard it as treating an order like the one before us here as an injunction. In Ettleson v. Metropolitan Life Ins. Co. the court said that the order which stayed an action to recover upon certain life insurance policies until a trial of a counterclaim could be had which sought to annul the policies for fraud was in effect an order granting an injunction against a trial of the action on the policies which would be before a jury. The Supreme Court thought these considerations sufficient to give the order postponing the trial of the jury action the practical effect of an injunction. The order here had no such effect. It merely postponed the trial until the United States could be added as a party-plaintiff in its own right. Nor do we view the order as equivalent to a refusal to the relator of an injunction against prosecution of the action by the United States because it recognized the validity of the notice of appearance and vacated the stay of further proceedings until the further order of the court. If it were, every order allowing an additional party to intervene over objection may be treated as a refusal to grant an injunction. Such a doctrine would extend rights to appeal beyond all reasonable limits.

■ In spite of the fact that we shall dismiss the appeal, because the order was not appealable, it seems proper to say, for the guidance of the District Court in future actions, that the claim of the relator that the amendment to the Informers' Act, if applied to him, would unlawfully deprive him of rights guaranteed by the Constitution can have no basis. The relator acquired no vested right prior to the date of the amendment. His privilege of conducting the suit on behalf of the United States and sharing in the proceeds of any judgment recovered, was an award of statutory creation which, prior to final judgment, was wholly within the control of Congress. Norris v. Crocker, 13 How. 429, 14 L.Ed. 210; Western Union Tel. Co. v. Louisville & N. R. Co., 258 U.S. 13, 42 S.Ct. 258, 66 L. Ed. 437; Louisiana v. Mayor of City of New Orleans, 109 U.S. 285, 3 S.Ct. 211, 27 L.Ed. 936; State of Maryland v. Baltimore & O. R. Co., 3 How. 534, 11 L.Ed. 714. It is well settled that the repeal of a statute under which a suit for a penalty is brought terminates the plaintiff's right to recover. The amendment to the Informers' Act was adopted to correct abuses which had arisen under the original act and were referred to in United States ex rel. Marcus v. Hess, 317 U.S. 537, 63 S.Ct. 379, 87 L. Ed. 443. While the relator may have made investigations and furnished valuable information and evidence to the government he only brought the suit just prior to the effective date of the amendment. The Informers' Act made the successful prosecution of the suit, rather than the discovery of fraudulent conduct, the test of the right to share in any recovery. United States ex rel. Marcus v. Hess, 317 U.S. 537, 545, 63 S.Ct. 379, 87 L.Ed. 443. He had only just started the present suit when the amendment limiting his rights of recovery was enacted. It provided reasonable compensation, to be fixed by the court with a maximum statutory limit, for anything he might do or might have done in aid of the government, in place of the former award

of 50% of any sums recovered. We regard the claim that the act as applied to the relator is unconstitutional as wholly illusory.

The appeal is dismissed.