**UNITED STATES ex rel. BAYARSKY et al.**
**v. BROOKS et al.**

Civil Action No. 1956.

District Court, D. New Jersey.

Jan. 17, 1945.

See also 51 F.Supp. 974.

Joseph J. Weinberger, of Passaic, N. J., for plaintiff Bayarsky.

Thorn Lord, U. S. Atty., of Trenton, N. J., and G. A. Fruit, of Washington, D. C., for the United States.

Milton, McNulty & Augelli, of Jersey City, N. J. (John Milton and Thomas McNulty, both of Jersey City, N. J., of counsel), for defendants.

MEANEY, District Judge.

Motion is made on behalf of defendants for dismissal.

This is a qui tam action brought by the relator, David Bayarsky, on January 5, 1942 on behalf of the United States and in his own behalf under the informer statute, Revised Statutes 3490–3493, 31 U.S. C.A. §§ 231–234, to recover damages and statutory penalties, counsel fees and costs.

The action is based upon the claim that the defendants cheated and defrauded the United States by selling to the United States sand and stone to be used on Works Progress Administration projects at prices arbitrarily fixed by defendants in excess of the market price for such materials.

It appears that in the April 1938 term the Grand Jury returned an indictment against the same defendants named herein upon similar charges of fraudulent practices as those set forth in this action.

On March 11, 1944, the United States entered an appearance in the Bayarsky qui

tam action and on April 24, 1944, plaintiff moved to strike the appearance of the United States. Decision on that motion was reserved. The conclusion of the court on the present motion will be dispositive of that motion.

On December 23, 1943, after the institution of this qui tam action, the 78th Congress amended the Informer Statute by P. L. 213, 31 U.S.C.A. § 232. The amended law radically changed the informer statute. by repealing section 3493 and restating section 3491.

The defendants now seek to have this action abated under provision of section 3491 as amended by P.L.213, wherein it is in part provided:

"The court shall have no jurisdiction to proceed with any such suit brought under clause (B) or pending suit brought under section 3491 of the Revised Statutes whenever it shall be made to appear that such suit was based upon evidence or information in the possession of the United States, or any agency, officer or employee thereof, at the time such suit was brought: Provided, however, That no abatement shall be had as to a suit pending at the effective date of this Act if before such suit was filed such person had in his possession and voluntarily disclosed to the Attorney General substantial evidence and·information which was not theretofore in the possession of the Department of Justice."

Counsel for the government, in opposition to defendants' motion to dismiss, strenuously urge upon the court the contention that the above quoted provision is inapplicable in this matter on the grounds that the words "any such suit" have reference exclusively to suits brought by private individuals and carried on by private individuals. That when the action was taken over by the United States it was no longer a private suit but a suit by the United States itself. It is contended that the jurisdictional limitation was not intended by the framers of P.L.213 to reach suits v/hich although begun as private suits, have had an appearance entered by the United States and are carried on from that time by the United States.

■ A careful perusal of the entire context of P.L.213 leads me to a contrary conclusion. The manifest purpose of Congress in amending the informer statute was to bring to an end the practice of filing suits under this statute by persons who have "no information or facts of their own, but prepare and file complaints which obviously are based on information and alleged facts obtained bodily from indictments returned in United States Courts, newspaper stories and Congressional information".

To read into the statute the meaning urged upon me by government counsel would not, it seems to me, be in conformity with the purpose of the amended statute. The words "any such suit" must be given their literal meaning. They have reference to any suit instituted under the provisions of the statute.

To confine the jurisdictional limitation to purely "private" suits would be to give a distorted construction to plain words having a plain and reasonable meaning.

This precise question was recently resolved in the same way in United States ex rel. Sherr v. Anaconda Wire & Cable Co., D. C., 57 F.Supp. 106, 108, in which case the defendants made a counter motion to motions by the government, by which defendants sought "an order dismissing the complaint upon the ground that the Court lacks jurisdiction of the subject matter of this action, it appearing that the action is based upon evidence or information in the possession of the United States or an agency, officer or employee thereof at the time this action was brought."

In the Sherr case an appearance had been entered by the Attorney General.

In commenting upon P.L.213 with reference to the same provision as is quoted above, the court in the cited case stated:

"The words 'any such suit' mean a suit brought by an informer, as well for himself as for the United States to recover penalties and damages for which a person, who knowingly makes false claims against the Government, is liable under R.S. § 3490, 31 U.S.C.A. § 231. Applying the above-quoted provision of R.S. § 3491 to the facts shown as to the source of the informer's information, I am obliged to conclude that this Court has 'no jurisdiction to proceed with' the Sherr action. The notice of appearance of the Attorney General in the Sherr action does not change the situation. The right of the Attorney General to appear in a pending qui tam action under subdivision D of Public Law 213 does not have the effect of con-

ferring jurisdiction on the Court, if under subdivision B the action should otherwise be abated, because it was based on information already in the possession of the United States."

 In United States ex rel. Rodriguez v. Weekly Publications, Inc., 144 F.2d 186, 187, in the Circuit Court of Appeals for the Second Circuit, Judge Hand in reference to this same provision stated:

"The amendment further provided that the court should have no jurisdiction to proceed with such a suit whenever it should appear that the suit was based upon evidence or information in possession of the United States at the time the suit was brought."

Under the facts and in accordance with the amended statute, I am obliged to conclude that this court is without jurisdiction to proceed, and the action is therefore abated. Accordingly defendants' motion is granted.

An order to that effect may be submitted.