**UNITED STATES ex rel. BAYARSKY**

v.

**BROOKS et al.**

**No. 11046.**

United States Court of Appeals
Third Circuit.

Argued Sept. 17, 1953.

Decided Feb. 1, 1954.

Harry Nadell, Paterson, N. J., for appellant.

E. Leo Backus, Atty., Department of Justice, Washington, D. C. (Warren E. Burger, Asst. Atty. Gen., Grover C. Richman, Jr., U. S. Atty., Newark, N. J., Marvin C. Taylor, Chief, Frauds Section, William M. Lytle, Atty., Department of Justice, Washington, D. C., on the brief), for appellee.

Before BIGGS, Chief Judge, and GOODRICH and HASTIE, Circuit Judges.

BIGGS, Chief Judge.

Bayarsky instituted the instant *qui tam* action on January 5, 1942, under the False Claims Act, enacted March 2,

1863, R.S. § 3491. The Act was amended on December 23, 1943, 57 Stat. 608. See 31 U.S.C.A. § 232. The case has been before us once before on appeal and the facts set out in our earlier opinion need not be repeated here. We reversed an order of the court below abating the suit, concluding that despite the fact that the complaint filed by Bayarsky, mutatis mutandis, was a Chinese copy of an indictment filed by the United States, and contained no information not in the possession of the United States on January 5, 1942, nonetheless the suit did not abate because the United States had filed a timely appearance in the action pursuant to 31 U.S.C.A. § 232(C) and (D). See D.C.N.J. 1945, 58 F.Supp. 714 and 3 Cir., 1946, 154 F.2d 344. Following our opinion the instant suit lay dormant, as did an independent suit on the identical claim filed by the United States in its own name on May 19, 1943, being United States v. Adametz, C.A. No. 2914 (D.C.N.J.). Thereafter the claim was settled by a payment of $225,000 made to the United States. The sole issue before the court below was Bayarsky's right to an informer's fee. The court decided that he was not entitled to anything, D.C., 110 F.Supp. 175, and the appeal at bar followed.

We agree with that decision. Bayarsky contends that if the 1943 amendments deprived him of his right to an informer's fee the 1943 law is unconstitutional. The argument which he makes in this connection was fully discussed and rejected by the United States Court of Appeals for the Second Circuit in United States, ex rel. Rodriguez v. Weekly Publications Inc., 1944, 144 F.2d 186, and Sherr v. Anaconda Wire and Cable Co., 1945, 149 F.2d 680. We can add nothing to the lucid arguments therein presented. We adopt the reasoning of these decisions.

The second ground asserted by Bayarsky for recovery is somewhat difficult to follow. He seems to argue that because we held the suit, which was begun before the 1943 amendments were enacted, did not abate by reason of the intervention of the United States, other provisions of the 1863 Act continue to govern the suit.

The 1943 amendments apply to the instant suit, however. The amendments provide that in any suit commenced by an informer in which the United States has intervened, whether begun before or after the effective date of the amendments, the court may award to the informer "who brought such suit", out of its proceeds, an amount which in the judgment of the court is fair and reasonable "for disclosure of *the* information or evidence not in the possession of the United States when such suit was brought." (Emphasis added.) See 57 Stat. 608, 31 U.S.C.A. § 232(E) (1). Bayarsky concedes that he had disclosed no information to the United States on or before January 5, 1942, when he filed his complaint. He asserts, however, that in 1950 he procured from Brooks, one of the defendants, a statement which was of substantial use to the United States in procuring the settlement. Accepting Bayarsky's position at its face value and treating the Brooks statement as new and useful information acquired in 1950 by the United States, through Bayarsky's intervention, nonetheless, Bayarsky's information does not fall within the terms of the amended statute.

The employment by Congress of the article "the", emphasized and quoted in the foregoing paragraph, read in conjunction with the phrase, also quoted, "who brought such suit", indicates that the information given to the United States upon which recovery by the informer must be based is the information or evidence upon which the informer based his own suit. Otherwise, the use by Congress of the word "the" is meaningless. Bayarsky reads 31 U.S.C.A. § 232(E)(1) as if the word "the" were omitted. Had it been omitted any substantial information given to the United States by the informer following the filing of the informer's suit would furnish a basis for an award to the informer as Bayarsky in effect contends.

We think it is evident that Congress was directing its attention to the point in time when the suit was filed. Congress intended to reward the informer who by his energy and perseverance procured information upon which his suit was based. Our interpretation is in accord with the purpose of the 1943 amendments which was to stamp out the practice of would-be informers basing civil suits on information taken from pending federal criminal prosecutions. See Senate Report No. 291, 78th Cong., 1st Sess., 1943, as quoted in our earlier opinion, 154 F.2d at page 346.

Our view finds confirmation in subsection (C) of Section 1, the subsection which we interpreted in our earlier decision 154 F.2d at page 345, which provides that a United States district court loses jurisdiction to proceed, in the absence of intervention by the United States, with a Clause (B) suit whenever it appears that "* * * such suit was based upon evidence or information in the possession of the United States * * * at the time such suit was brought * * *." The time for information to be made available to the United States by an informer, if he is to recover an award is unmistakably designated as the time of the filing of the suit.

We also note that a Senate amendment to the original bill, H.R. 1203, 78th Cong., 1st Sess., which eventually constituted the 1943 amendments, added the following: "Nothing in this Act shall affect any such suit which was filed prior to June 15, 1942." See Senate Report No. 291, 78th Cong., 1st Sess. (1943). Senator Ferguson, on the floor of the Senate, stated that this amendment was added for the purpose of permitting Bayarsky's then pending action to go forward under R.S. § 3491. See 89 Cong.Rec. 7577 (1943). But the Senate amendment was eliminated in conference and is not in the statute. See 89 Cong.Rec. 10687–8 (1943). The foregoing is important for it is clear that members of Congress had before them facts relating to Bayarsky's suit and seemed to consider that legislation of the kind provided by the Senate amendment was necessary if Bayarsky was to recover.

The other points raised by Bayarsky need not be discussed. It is clear that he cannot recover.[1]

The judgment of the court below will be affirmed.

---

1. It is only fair to point out that Bayarsky rendered one valuable service to the United States in this case. He prevented the bar of the statute of limitations from running. Bayarsky began his suit before the statute of limitations had barred action. See R.S. § 3494, 31 U.S.C.A. § 235. But the United States did not intervene until 1944, after the statute had run. It was only by intervention in Bayarsky's suit that the United States was able to recover. Bayarsky had requested the United States to take over the action soon after he had begun it but the United States refused to intervene in the suit at that time.