NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BRUCE A. ROGERS,**
*Plaintiff-Appellant,*

v.

**TRISTAR PRODUCTS, INC.,**
*Defendant-Appellee,*

AND

**UNITED STATES,**
*Defendant-Cross-Appellant.*

---

2011-1494, -1495

---

Appeals from the United States District Court for the Eastern District of Pennsylvania in case no. 11-CV-1111, Judge Eduardo C. Robreno.

---

**ON MOTION**

---

Before BRYSON, SCHALL, and PROST, *Circuit Judges.*

PER CURIAM.

## ORDER

At issue in this motion for reconsideration is whether the Fifth Amendment of the United States Constitution prohibits applying the America Invents Act's new "competitive injury" requirement to false marking cases brought by a qui tam relator prior the law's enactment.

## I.

Paul A. Rogers's complaint against Tristar Products, Inc. was the fourth such action he had brought on behalf of the government under the false marking statute in the United States District Court for the Eastern District of Pennsylvania.

Rogers's complaint alleged that his own "diligent patent search ha[d] revealed" that "Tristar's claims of having a patent on functional aspects of its Power Juicers . . . are false and misleading." The complaint further alleged that "[i]n marking advertisements for its products with words or phrases claiming that its Power Juicers . . . are subject to patent when in fact they are not, Tristar has stifled competition . . . and has made it more difficult for competitors to obtain sales and retail shelf space for competing products." As a result of these allegations, Rogers sought "up to five hundred dollars ($500.00) for every such offense, that is for each such article falsely marked" as well as "costs and attorney's fees."

To Tristar, the hundreds of cases being brought that year alone by plaintiffs like Rogers—who himself had suffered no direct injury from such allegations—was a sign that, as drafted, the false marking provisions failed to give the government sufficient control over the management of this public action. Tristar moved to dismiss the suit on the ground that the false marking provision violated the Take Care Clause. The district court judge agreed and dismissed the case prior to the matter reaching any merits determination.

Rogers then appealed to this court. While his appeal was pending, the President signed into law the Leahy-Smith America Invents Act, H.R. 1249, 112th Cong. (1st Sess. 2011) (AIA), amending 35 U.S.C. § 292 to eliminate the qui tam provision on which this action was predicated, and making such amendment applicable to all cases pending at the time of the law's enactment. In a filing with this court, Rogers conceded that he could not meet the new standing requirement. In light of the newly amended law and Rogers's concessions, this panel dismissed Rogers's appeal as moot and remanded with instructions to vacate the trial court's opinion. Rogers's motion for reconsideration challenges the dismissal of his appeal as moot on the grounds that the AIA's amendments violate the Takings and Due Process Clauses.

## II.

### A.

At the outset, we are required to determine whether Congress intended for the newly amended § 292 to apply to Rogers's appeal.

In approaching that question, we start from the premise that a clear indication from Congress is ordinarily required to give a statute retroactive effect. *See Landgraf v. USI Film Prods.*, 511 U.S. 244, 272 (1994). Section 16 of the AIA provides in relevant part:

> CIVIL ACTION FOR DAMAGES.— Subsection (b) of section 292 of title 35, United States Code, is amended to read as follows: "(b) A person who has suffered a competitive injury as a result of a violation of this section may file a civil action in a district court of the United States for recovery of damages adequate to compensate for the injury.

> EFFECTIVE DATE.—The amendments made by this subsection shall apply to all cases, without exception, that are pending on, or commenced on or after, the date of the enactment of this Act.

The "shall apply to all cases, without exception" language of the AIA clearly shows that Congress intended to apply the competitive injury requirement to all pending cases, including cases pending in appellate courts. The legislative history of the AIA confirms that Congress intended for the competitive injury requirement to "cases pending at any level of appeal or review." 157 Cong. Rec. S1360-02 at S1372 (Sen. Kyl); *see also generally Boumediene v. Bush*, 553 U.S. 723, 738-39 (2008) (Relying on legislative history in determining whether legislation was intended to deprive federal courts of jurisdiction to entertain actions).

## B.

In civil cases, no litigant is entitled to insist that a law that prevailed at the time the case began shall remain unchanged solely for his or her benefit. *N.Y. Cent. R.R. Co. v. White*, 243 U.S. 188, 198 (1917). It follows that under most circumstances, Congress can change the rules in the middle of the suit, *see, e.g., Chase Sec. Corp. v. Donaldson*, 325 U.S. 304 (1945) or even eliminate the cause of action entirely after the case has been filed. *See, e.g., Hodges v. Snyder*, 261 U.S. 600, 603-04 (1923).

Rogers urges us to hold that the Takings Clause prohibits such a result in this case on the assertion that by initiating the lawsuit it has become property. In fact, however, no "vested" right attaches until there is a final, unreviewable judgment, so it is of no moment that Rogers expended effort and resources in filing and pursuing the complaint. *See McCullough v. Virginia*, 172 U.S. 102, 123-24 (1898); *Axel Johnson Inc. v. Arthur Anderson &*

*Co.*, 6 F.3d 78, 84 (1993) ("[N]ot all judgments . . . are final for Fifth Amendment and separation of powers purposes. Rather, a case remains 'pending' and open to legislative alteration, so long as an appeal is pending or the time for filing an appeal has yet to lapse").

That Rogers brought a qui tam action does not alter that conclusion. In the analogous context of the False Claims Act, courts long ago rejected the argument that a constitutional protected property right vests upon initiating suit. *See, e.g., United States ex rel. Bayarsky v. Brooks*, 210 F.2d 257, 258 (3d Cir. 1954); *Sherr v. Anaconda Wire & Cable Co.*, 149 F.2d 680 (2d Cir. 1945); *United States ex rel. Rodriguez v. Weekly Publ'ns, Inc.*, 144 F.2d 186 (2d Cir. 1944).

Rogers points out that the Supreme Court has described qui tam statutes as "effecting a partial assignment of the Government's damages claim." *Vermont Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 773 (2000); *see also Stauffer v. Brooks Bros.*, 619 F.3d 1321, 1325 (Fed. Cir. 2010) (applying same justification for standing to the False Marking Statute). From that premise, Rogers argues that the False Marking Statute "conveys a specific property right to the relator[.]"

That description of the assignment does not establish that the AIA effected a taking of Rogers's constitutionally protected property. The plaintiffs in *Bayarsky*, *Sherr*, and *Rodriguez* were similarly partial assignees of any damages recovered before Congress amended the False Claims Act in 1943 to allow the government to take over the plaintiffs' claims. The statutory "assignments" were in effect held to be revocable prior to final judgment. *See Rodriguez*, 144 F.2d at 188 ("His privilege of conducting the suit on behalf of the United States and sharing in the proceeds of any judgment recovered, was an award of statutory creation, which, prior to final judgment, was wholly within the control of Congress."). The grant of

public power authorized to the qui tam plaintiff was narrowly construed to preserve the exercise of sovereign authority.

Rogers also argues that the retroactive elimination of his claim violates the Due Process Clause. Rogers contends that by eliminating pending false marking actions, the new amendments "absolved companies, such as Tristar, [from] any liability for marking unpatented articles with deceitful intent, thereby stifling competition and true innovation of small businesses and inventors."

Apart from expressing disagreement with Congress's policy choice, Rogers has not explained how Congress acted irrationally in making the competitive standing requirement apply to all pending claims. By making the False Marking Act amendments retroactive, Congress was in significant part attempting to reduce the litigation expenditures in the large number of complaints filed, but not yet subject to a final judgment. *See* 157 Cong. Rec. S1360-02 at S1372 (Sen. Kyl) ("[B]ecause the Federal Circuit's recent decision in *Forest Group, Inc. v. Bon Tool Co.*, 590 F.3d 1295, Fed. Cir. 2009, appears to have created a surge in false marking qui tam litigation, the changes made by paragraph (1) of section 2(k) of the bill are made fully retroactive by paragraph (2)"); *see also* 157 Cong. Rec. S5319-03 at S5320 (Sen. Kyl) ("The America Invents Act reins in abuses that are reflected in a recent surge in false marking litigation. It allows such suits to be brought only by those parties who have actually suffered a competitive injury as a result of false marking.").

That objective was a legitimate justification for making the AIA amendments to § 292 retroactive. *See Landgraf*, 511 U.S. at 267-68 ("Retroactive provisions often serve entirely benign and legitimate purposes" including "to simply give comprehensive effect to a new law Congress considers salutary."); *Pension Benefit Guar. Co. Corp. v. R.A. Gray & Co.*, 467 U.S. 717, 730 (1984) ("In

particular, we believe it was eminently rational for Congress to conclude that the purpose of the MPPAA could be more fully effectuated if its withdrawal liability provisions were applied retroactively"). We discern no due process infirmity in that decision.

Accordingly,

IT IS ORDERED THAT:

The motion for reconsideration is denied.

FOR THE COURT

**MAY 0 2 2012**
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc: Edward T. Kang, Esq.
    Edward P. Bakos, Esq.
    Douglas N. Letter, Esq.

s19

**FILED**
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

MAY 0 2 2012

JAN HORBALY
CLERK