NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MAHER SOLIMAN,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2017-2529

---

Appeal from the United States Court of Federal Claims in No. 1:17-cv-00018-LKG, Judge Lydia Kay Griggsby.

---

Decided: February 6, 2018

---

MAHER SOLIMAN, San Francisco, CA, pro se.

ANDREW JAMES HUNTER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., DEBORAH A. BYNUM.

---

Before LOURIE, O'MALLEY, and REYNA, *Circuit Judges.*

PER CURIAM.

Maher Soliman ("Soliman") appeals from the decision of the United States Court of Federal Claims ("the Claims Court") dismissing his complaint for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted. *See Soliman v. United States*, No. 17-18C, 2017 WL 3634240 (Fed. Cl. Aug. 24, 2017) ("*Opinion*"). For the reasons that follow, we *affirm*.

## BACKGROUND

Soliman is a former State Department employee who served as a legal advisor in the State Department's Iraqi Transition Assistance Office ("ITAO"). Executive Order 13,431 established ITAO as a temporary office to support the United States in "concluding remaining large infrastructure projects expeditiously in Iraq, in facilitating Iraq's transition to self-sufficiency, and in maintaining an effective diplomatic presence in Iraq." Exec. Order No. 13,431, 72 Fed. Reg. 26,709 (May 8, 2007). ITAO personnel were hired pursuant to 5 U.S.C. § 3161, *id.*, which authorizes appointment of personnel to a temporary organization within the government.

On April 30, 2009, the State Department confirmed Soliman's "temporary excepted appointment" as a "PRT Rule of Law Senior Advisor" in the ITAO for a term effective May 14, 2009 and not to exceed June 13, 2010. Appellee Appendix ("A.A.") 27. The State Department terminated Soliman's "temporary appointment" with the ITAO effective December 2, 2009. A.A. 28.

In 2010, Soliman initiated unsuccessful Equal Employment Opportunity Commission proceedings against the State Department alleging discrimination in connection with his termination. In 2013, Soliman filed suit against the government in the United States District Court for the District of Columbia ("D.C. District Court") challenging the termination of his employment on multi-

ple grounds, including breach of contract. The district court dismissed Soliman's breach of contract claim. *See Soliman v. Kerry*, No. 16-5155, 2016 WL 6238578, at *1 (D.C. Cir. Sept. 22, 2016). On appeal, the United States Court of Appeals for the District of Columbia vacated the district court's dismissal of the breach of contract claim and remanded with instructions to transfer Soliman's breach of contract claim to the Claims Court. *Id.*

On January 23, 2017, Soliman filed an amended complaint in the Claims Court alleging that the government "terminated its employment contract with [Soliman] without a cause or due process and breached its contract with [Soliman]" and seeking damages, including "back pay," in excess of $10,000. A.A. 18, 20–22. The government filed a motion to dismiss the amended complaint.

After briefing on the motion to dismiss concluded, Soliman filed a document titled "Plaintiff's Request for Judicial Notice in Support of Opposition to Defendant's Motion to Dismiss for Lack of Jurisdiction or, in the Alternative[,] for Failure to State a Claim" ("Plaintiff's Request"). A.A. 33. Plaintiff's Request included the statement: "If the court finds that [Soliman's] exhibits to his Amended Complaint insufficient [to] substitute for detailed allegations, [Soliman] respectfully request[s] a leave to amend pursuant to Rule 15(a) to add detailed factual allegations." A.A. 41–42. The Claims Court never issued an order addressing Soliman's conditional request.

The Claims Court then granted the government's motion to dismiss the amended complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. The court held that it lacked subject matter jurisdiction over Soliman's breach of contract claim because he had not established the existence of a valid contract with the government. *Opinion*, 2017 WL 3634240, at *8. The court explained that the undisputed facts, including Soliman's own documents,

"demonstrate that [Soliman's] employment with the ITAO was by appointment rather than pursuant to an employment contract," and that he "fail[ed] to identify any legislation that would overcome the presumption that his employment was by appointment." *Id.* at \*6–7. The court held that Soliman failed to state a plausible back pay claim because "he was not a government employee during the time period that he seeks to recover back pay." *Id.* at \*8.

Soliman timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review the Claims Court's decision to dismiss a claim for lack of subject matter jurisdiction *de novo. Waltner v. United States*, 679 F.3d 1329, 1332 (Fed. Cir. 2012). A plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence, *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002), and the leniency afforded *pro se* litigants with respect to mere formalities does not relieve them of jurisdictional requirements, *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

The Tucker Act provides the Claims Court with jurisdiction over claims "against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act is "only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan,* 424 U.S. 392, 398 (1976). "Instead, to invoke jurisdiction under the Tucker Act, a plaintiff must identify a contractual relationship, constitutional provision, statute, or regulation that pro-

vides a substantive right to money damages." *Khan v. United States,* 201 F.3d 1375, 1377 (Fed. Cir. 2000).

We first address Soliman's claims relating to termination of his employment. Soliman argues that the Claims Court erred in holding that it did not have jurisdiction over his breach of contract, back pay, and due process claims. Soliman contends that the May 14, 2009 Standard Form 50 ("May 2009 SF50") relied on by the court was "fraudulent." Appellant Br. 19. Soliman argues that the government violated his due process rights and his rights pursuant to Chapter 75 of Title 5 in terminating his employment.

The government responds that the Claims Court correctly concluded that it lacks jurisdiction over Soliman's breach of contract claim. The government contends that the court correctly found that Soliman failed to rebut the presumption that his employment was by appointment, not contract. The government argues that the May 2009 SF50 was not a forgery and not necessary to the Claims Court's decision. The government contends that the court properly dismissed Soliman's back pay claims for failure to state a claim, not lack of subject matter jurisdiction.[1]

We agree with the government that the Claims Court properly concluded that it lacked jurisdiction to adjudicate Soliman's breach of contract claim. There is a "well-established principle that, absent specific legislation, federal employees derive the benefits and emoluments of their positions from *appointment rather than from any contractual or quasi-contractual relationship* with the

---

[1] The Claims Court did not dismiss Soliman's back pay claim for lack of jurisdiction. *See Opinion,* 2017 WL 3634240, at *7–8. Soliman does not appear to challenge the court's ruling that he failed to state a plausible back pay claim.

government." *Chu v. United States*, 773 F.2d 1226, 1229 (Fed. Cir. 1985) (emphasis added). Although "Tucker Act jurisdiction may be premised on an employment contract," *Army & Air Force Exch. Serv. v. Sheehan*, 456 U.S. 728, 735 (1982) (citing *United States v. Hopkins*, 427 U.S. 123, 126 (1976)), if an employee's "employment was by 'appointment,' a breach of contract action against the government would be precluded," *Hamlet v. United States*, 873 F.2d 1414, 1417 n.5 (Fed. Cir. 1989). Whether an employee serves by appointment or contract depends on an analysis of the relevant statutes and regulations and whatever evidence is adduced as to an employee's particular status. *Hopkins*, 427 U.S. at 130.

Here, "[n]othing in the record rebuts the presumption that a federal employee is employed by appointment and not by contract or quasi-contract." *Hamlet v. United States*, 63 F.3d 1097, 1102 (Fed. Cir. 1995). Executive Order 13,431 established the ITAO as a "temporary organization" "in accordance with section 3161 of title 5, United States Code." Section 3161 authorizes "the head of a temporary organization [to] *appoint* persons to positions of employment . . . ." 5 U.S.C. § 3161(b)(1) (emphasis added). The documents submitted by Soliman confirm that his employment was by "appointment." *See* Amended Complaint Ex. B (A.A. 25) (position described as "Full Time Temporary Excepted *Appointment* NTE 13 months"), Ex. C (A.A. 27) ("We are pleased to confirm your temporary excepted *appointment* . . . ."), Ex. D (same), Ex. E (A.A. 28) ("Please be advised that your temporary *appointment* with the [ITAO] is being terminated . . . .") (emphases added).[2] The Claims Court thus correctly

---

[2] We need not reach Soliman's allegations relating to the May 2009 SF50 because it was unnecessary to the Claims Court's decision. The court determined that Soliman's "own documents show that he had been em-

dismissed the breach of contract claim for lack of jurisdiction. *See Sheehan*, 456 U.S. at 738, 741 (explaining "all the evidence in the record is to the effect that respondent was appointed to his positions" and holding "[b]ecause . . . respondent was [not] hired pursuant to an express employment contract, we find that the Tucker Act did not confer jurisdiction over respondent's claims for monetary relief"); *Hamlet*, 63 F.3d at 1102 (holding appellant's employment was by appointment and, "[t]hus, [appellant's] breach of contract count . . . cannot provide for jurisdiction under the Tucker Act").

The Claims Court also did not err in not exercising jurisdiction over Soliman's due process claims. The Claims Court lacks jurisdiction over claims based on the Due Process clauses of the Fifth and Fourteenth Amendments because they are not "money-mandating." *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (The "Due Process Clauses of the Fifth and Fourteenth Amendments" are not "a sufficient basis for jurisdiction because they do not mandate payment of money by the government.").

Similarly, Soliman's argument based on Chapter 75 of Title 5 is not well taken. Soliman does not appear to have raised this issue before the Claims Court. Even where a party appears *pro se*, "[i]ssues not properly raised before the [trial] court are waived on appeal." *Stauffer v. Brooks Bros. Grp.*, 758 F.3d 1314, 1322 (Fed. Cir. 2014). Moreover, the Claims Court does not have jurisdiction over claims brought pursuant to Chapter 75 of Title 5, *see* 5 U.S.C. § 7513(d) ("An employee against whom an action is taken under this section is entitled to appeal to the Merit Systems Protection Board under section 7701 of this

---

ployed with the ITAO by appointment." *Opinion*, 2017 WL 3634240, at *6. The court merely referred to the May 2009 SF50 as "reinforce[ing]" its determination. *Id.*

title."), or personnel actions covered by that chapter, *see United States v. Fausto*, 484 U.S. 439, 447 (1988) ("In the context of the entire statutory scheme, we think it displays a clear congressional intent to deny the excluded employees the protections of Chapter 75—including judicial review—for personnel action covered by that chapter."); *Bosco v. United States*, 931 F.2d 879, 883 (Fed. Cir. 1991), *adhered to on reh'g*, 976 F.2d 710 (Fed. Cir. 1992) (explaining that in *Fausto* the Supreme Court held that the Civil Service Reform Act "was the only means of review as to the types of adverse personnel action specifically *covered* by the [Civil Service Reform Act]").

Soliman additionally argues that the Claims Court erred in not *sua sponte* transferring the case to another court pursuant to 28 U.S.C. § 1631, and in denying his request for leave to amend his complaint pursuant to Rule 15. The government responds that § 1631 did not require the Claims Court to transfer Soliman's claims and it was within its discretion to dismiss them. The government argues that the Claims Court did not abuse its discretion in not addressing his request to amend, which was not properly raised, and that the proposed amendment would have been futile.

We agree with the government that 28 U.S.C. § 1631 did not require the Claims Court to transfer this case. Section 1631 provides in relevant part:

> Whenever a civil action is filed in a *court as defined in section 610 of this title* . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to *any other such court in which the action . . . could have been brought* at the time it was filed or noticed . . . .

28 U.S.C. § 1631 (emphases added). Section 610 defines "court" as "the courts of appeals and district courts of the United States, the United States District Court for the

District of the Canal Zone, the District Court of Guam, the District Court of the Virgin Islands, the United States Court of Federal Claims, and the Court of International Trade." 28 U.S.C. § 610.

Soliman has not identified another court in which this action could have been brought, and we are aware of none. Soliman's contract termination claims exceed $10,000 in damages and thus are not within the jurisdiction of any district court. *See* 28 U.S.C. § 1346(a)(2). Indeed, the D.C. District Court previously transferred the breach of contract claim to the Claims Court. Additionally, no trial level "court" as defined in 28 U.S.C. § 610 has jurisdiction over claims pursuant to Chapter 75 of Title 5. *See* 5 U.S.C. § 7513(d). Thus, the Claims Court did not err in not transferring this case.

The Claims Court also did not err in not granting Soliman leave to amend his complaint. Assuming *arguendo* that Soliman made a proper request for leave to amend the complaint, his request was conditioned on "the court find[ing] [his] exhibits to his Amended Complaint insufficient [to] substitute for detailed allegations . . . ." A.A. 41–42. The Claims Court did not dismiss for lack of detailed allegations. Moreover, even amending the complaint to include all of the factual allegations in Plaintiff's Request would have been futile because those allegations could not cure the defects identified by the Claims Court. *See Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.*, 464 F.3d 1339, 1353–54 (Fed. Cir. 2006).

We have considered Soliman's remaining arguments, but find them unpersuasive.

CONCLUSION

For the foregoing reasons, we *affirm* the Claims Court's decision dismissing Soliman's claims.

**AFFIRMED**

COSTS

No costs.